IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES | ) | |
| | ) | |
| V. | ) | Case No. 1:23-CR-426-JEB |
| | ) | |
| PHILLIP CRAWFORD | ) | |

## MOTION FOR BILL OF PARTICULARS

COMES NOW Phillip Crawford ("Mr. Crawford"), by and through counsel, pursuant to Fed. R. Crim. P. 7(f), files this motion for a bill of particulars.[1]

### I. PRELIMINARY STATEMENT

Mr. Crawford is charged with <u>eight</u> counts of criminal conduct relating to the events of January 6, 2021. These overlapping counts all stem from a three-to-four-minute period of time at the steps of the U.S. Capitol near the Lower West Terrace entrance. The government has produced video footage of the area taken from mounted surveillance cameras and body-worn cameras which depict a chaotic scrum with scores of people at the tunnel entrance.

The government has not alleged that Mr. Crawford injured anyone. Nor has the government identified any person with whom Mr. Crawford made physical

---

[1] Counsel is aware that Fed. R. Crim. P. 7(f) states that a motion for a bill of particulars should be filed 14 days from arraignment or at a later time if the Court permits. Due to leave and the holidays, counsel has not had the opportunity to file until now and asks the Court's permission to do so. Counsel has conferred with the AUSA in this matter who does not object to Mr. Crawford having the ability to file motions before the next status conference on January 22, 2024.

1

contact within the meaning of 18 U.S.C. § 111. (*See* Counts Two and Three). For that matter, it is unclear at which point the government contends that Mr. Crawford committed an assault and against whom. For example, was there more than one assault and victim? Did one involve a "deadly and dangerous weapon" (Count Two, charging § 111(a) and (b)) and another not (Count Three, charging § 111(a))? Is the "act of physical violence against any person" the government intended for Counts Six and Eight the same as the assault(s) in Counts Two and Three or the "disorderly and disruptive conduct" alleged in Counts Five and Seven? Mr. Crawford is left to guess.

Because the government has chosen a shotgun approach to charging Mr. Crawford by reference to several statutes with multiple means of violation and enhanced punishments depending upon the conduct at issue, extreme care must be taken to ensure that Mr. Crawford understands the nature of the charges and that the charges are not multiplicitous or subject to illegal amendment or variance at trial. Clarity simply cannot be achieved by producing video footage which does not answer crucial questions. For this reason, a bill of particulars is vital.

   II.   **ARGUMENT**

A bill of particulars serves three purposes: (1) to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, (2) to minimize surprise at trial, (3) and to enable the defendant to plead double

jeopardy in the event of a later prosecution for the same offense. *See United States v. Butler*, 822 F.2d 1191 (D.C. Cir. 1987); *United States v. Cole*, 755 F.2d 748, 760 (11th Cir. 1985). Although it is not necessary for an indictment to allege in detail the factual proof that will be relied upon to support the crimes charged, that information, if essential to the defense, can be obtained by a motion for a bill of particulars. Consequently, "[i]t is well settled law that where an indictment fails to set forth specific facts in support of requisite elements of the charged offense, and the information is essential to the defense, failure to grant a request for a bill of particulars may constitute reversible error." *Cole*, 755 F.2d at 760. The determination of whether a bill of particulars is necessary rests within the sound discretion of the trial court. *Butler*, 822 F.2d at 1194.

Mr. Crawford seeks a bill of particulars to understand essential facts underlying the charges. Fed. R. Crim. P. 7(c) (indictment must allege essential facts). The particulars that Mr. Crawford seeks are necessary for him to prepare for trial and to avoid surprise and potential double jeopardy later. Specifically, Mr. Crawford moves the Court to order the government to provide the following information.

*Count One*

Count One charges that Mr. Crawford committed an act to interfere with law enforcement during a civil disorder which either impacted commerce or the performance of a federally protected function. The impact on commerce or a federal function are necessary for jurisdiction. Mr. Crawford needs to know the factual basis for the government's jurisdiction. In addition, Mr. Crawford needs to know the charged act of obstruction. In *United States v. Mostofsky*, 2021 WL 3168501 at **3-4 (July 27, 2021) (Boasberg, C.J.), this Court granted similar requests.

1. With respect to Count One, 18 U.S.C. § 231(a)(3), the "act to obstruct, impede, and interfere" with law enforcement that Mr. Crawford is accused of taking. If it is the same as in Counts Two and Three, the government should say so, *id.* at * 3, as long as the assaultive conduct in Counts Two and Three is revealed.

2. With respect to Count One, 18 U.S.C. § 231(a)(3), how Mr. Crawford's alleged interference with law enforcement obstructed, delayed, or adversely affected commerce.

3. With respect to Count One, 18 U.S.C. § 231(a)(3), the federally protected function Mr. Crawford purportedly obstructed, delayed or affected.

*Counts Two and Three*

Count Two charges assault of a federal officer under 18 U.S.C. § 111(a) and (b). With this charge, there are certain statutory triggers which increase the penalty

4

from one year, to eight years, and then to twenty years. Specifically, Count Two alleges that Mr. Crawford made physical contact with the "victim" of the assault and/or that he had the intent to commit another felony, triggering a statutory range of 0-8 years. 18 U.S.C. § 111(a). Next, the government alleges that, during the commission of those acts, Mr. Crawford used a dangerous or deadly weapon, specifically a gas mask, in violation of 18 U.S.C. 111(b), thereby increasing the punishment to 0-20 years.

Count Three alleges the same charge as Count Two but without the use of a dangerous or deadly weapon. That is, Count Three charges that Mr. Crawford made physical contact with the "victim" and/or had the intent to commit another felony. However, this Count does not allege the use of a gas mask. This begs the question - - Is Count Three alleging a separate assault or a lesser included offense. If the latter, that is multiplicitous. *See United States v. Benoit*, 713 F.3d 1, 18 (10th Cir. 2013) (receipt and lesser-included offense of possession of child pornography were multiplicitous); *United States v. Isabella*, 918 F.3d 816, 847 (10th Cir. 2019) ("Under [the Blockburger] test, when one offense is a lesser-included offense of another, the two offenses are the same."). If the former, Mr. Crawford needs to know what acts were assaultive and who he is alleged to have made physical contact with. Of course, he also needs to know what "other felony" he supposedly had the intent to commit to trigger an eight-fold increase in penalty. Mr. Crawford cannot

prepare a defense, guard against a variance at trial, and protect against double jeopardy without this information.

4. With respect to Count Two, 18 U.S.C. § 111(a) and (b), the victim with whom Mr. Crawford made physical contact using a deadly or dangerous weapon.

5. With respect to Count Two, 18 U.S.C. § 111(a) and (b), the other felony which Mr. Crawford is alleged to have had the intent to commit.

6. With respect to Count Three, 18 U.S.C. § 111(a), the victim with whom Mr. Crawford made physical contact.

7. With respect to Count Three, 18 U.S.C. § 111(a), the other felony which Mr. Crawford is alleged to have had the intent to commit.

The government has produced video footage from the tunnel entrance, including body camera footage. However, Mr. Crawford cannot identify from that footage the person with whom he is alleged to have made physical contact or what specific instance the government had in mind when it indicted him. No amount of independent investigation will resolve that issue.

### *Counts Five and Seven*

Counts Five and Seven allege that Mr. Crawford engaged in "disorderly and disruptive conduct," in violation of 18 U.S.C. § 1752(a) and 40 U.S.C. § 5104(e)(2)(D) respectively. Count Five, unlike Seven, is more general and requires that Mr. Crawford intent to disrupt "the orderly conduct of Government business

and official functions" and that his "disorderly and disruptive conduct" did, in fact, disrupt such business/functions.[2] *See United States v. Bennett*, 2023 WL 6460026 at ** 4-5 (Oct. 4, 2023) (Boasberg, C.J.) (noting that Sections 1752(a)(2) and 5104(e)(2)(D) are not multiplicitous). Count Five also adds that, during and in relation to the offense, Mr. Crawford did use and carry a deadly/dangerous weapon.

From the video that has been produced and highlighted by the government, Mr. Crawford has been accused of inappropriate conduct ranging from giving a speech, to throwing punches, and tossing a gas mask. This conduct occurred over the course of several minutes at or near the Lower West Terrace Entrance Archway. What is not clear from Count Five is what disorderly or disruptive conduct the government is claiming that Mr. Crawford engaged in with the intent to and that, *in fact*, did impede the orderly conduct of government business. Similarly, with respect to Count Seven, Mr. Crawford must know what conduct the government claims he intended to impede Congress.

8.   With respect to Counts Five and Seven, the "disorderly and disruptive conduct" underlying the charges.

---

[2] Count Seven and 40 U.S.C. § 5104(e)(2)(D) are more specific and require the intent to disrupt the orderly conduct of *Congress* but no requirement that Congress be disrupted.

7

9. With respect to Count Five, the "Government business and official functions" which Mr. Crawford is charged with intending to disrupt and which he, in fact, did disrupt with his "disorderly" conduct.

*Counts Six and Eight*

Counts Six and Eight charge Mr. Crawford with engaging in an "act of physical violence" in violation of 18 U.S.C. § 1752(a)(4) and 40 U.S.C. § 5104(e)(2)(F) respectively. Again, the charges, like most of the others, are almost congruent, but just slightly different. Count Six charges an act of physical violence against "any person or property" and that, during and in relation to the offense, Mr. Crawford did "use and carry deadly and dangerous weapon, that is, a gas mask." Count Eight, by contrast, charges willful and knowing physical violence on Capitol Grounds. As with the other counts, certain essential facts are absent.

10. With respect to Counts Six and Eight, the act(s) of "physical violence" underlying the charges.

11. With respect to Count Six, the identify of the "person or property" against whom (or which) Mr. Crawford committed the charged act of physical violence.

### III.   CONCLUSION

Ultimately, whether a bill is proper "depends upon the circumstances and facts of each case." *United States v. Greve*, 12 F. Supp. 372, 378 (E.D.N.Y. 1937)

(granting bill of particulars to identify false statements which were mailed, including the manner in which they were false, in fraud scheme charged against officers of mortgage company). "The discretion of the court may be abused by laxity or prejudicial strictness." *Greve*, 12 F. Supp. at 378.  Here, the Court should exercise its sound discretion and require the government to file a bill of particulars to identify the items set forth above, which are essential to understand the charges.

This 5th day of January 2024.

> */s/ Thomas L. Hawker*
> THOMAS L. HAWKER
> Georgia Bar No. 338670
> Attorney for Phillip Crawford

Federal Defender Program, Inc.
Sute 1500, Centennial Tower
101 Marietta Street, NW
Atlanta, Georgia 30303
(404)688-7530
Thomas_Hawker@fd.org