UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Case No. 23-cr-426-JEB |
| | : | |
| **PHILLIP CRAWFORD** | : | |
| | : | |
| **Defendant.** | : | |

### STATEMENT OF INFORMATION ORDERED IN THIS CAUSE

In response to this Court's January 22, 2024, order related to the defendant's motion for a bill of particulars, the United States of America respectfully files this Statement of Information.

### I.     Count One: 18 U.S.C. § 231(a)(3)

Count one charges a violation of Section 231(a)(3) of Title 18, which applies to a defendant who "commits or attempts to commit any act to obstruct, impede, or interfere with any fireman or law enforcement officer lawfully engaged in the lawful performance of his official duties incident to and during the commission of a civil disorder which in any way or degree obstructs, delays, or adversely affects commerce or the movement of any article or commodity in commerce or the conduct or performance of any federally protected function."

The government intends to offer proof that the defendant's conduct on January 6 contributed to the civil disorder that obstructed, delayed, or adversely affected commerce and the performance of several federally protected functions:

- Pursuant to 2 U.S.C. § 1961, the United States Capitol Police is responsible for the protection of the United States Capitol building and its grounds. The civil disorder on January 6 obstructed and aversely affected the protection of the building and its grounds.

- Pursuant to 2 U.S.C. § 1970, executive departments and executive agencies may assist the United States Capitol Police in the performance of its duties by providing, *inter alia*, services (including personnel) and equipment, including when requested during an emergency. The civil disorder on January 6 obstructed and adversely affect the emergency response by executive departments and executive agencies.

- Pursuant to 3 U.S.C. § 15, the Vice President, as President of the Senate, presides over the final counting of the Electoral College vote, and the Vice President is responsible for announcing the state of the vote. The civil disorder on January 6 obstructed and adversely affect the execution of the Vice President's Constitutional and statutory duties.

- Pursuant to 18 U.S.C. § 3056, the United States Secret Service is authorized to protect, among others, the Vice President. The civil disorder on January 6 obstructed and adversely affected the conduct and performance of the Secret Service in the performance of this federally protected function.

The specific conduct at issue, which is alleged to have occurred between 2:00 p.m. and 4:00 p.m. on the grounds of the United States Capitol, involves the defendant engaged in forcibly assaulting officers, joining fellow rioters in pushing into the Capitol, and encouraging others to join in assaultive conduct. The officers were lawfully engaged in maintaining security at the Capitol during a civil disorder at the time of the defendant actions. Video recordings of the defendant's conduct during the relevant time have been provided to the defense in discovery and the defense has been advised of the pertinent conduct depicted therein.

## II.     Count Two: 18 U.S.C. § 111(a) and (b)

Count two charges a violation of Section 111(a) and (b) of Title 18, which applies to a defendant who "forcibly assaults, resists, opposes, impedes, intimates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of official duties . . . where such acts involve physical contact with the victim of that assault or the intent to commit another felony . . . [or] in the commission of any acts described in subsection (a), uses a deadly or dangerous weapon . . . ."

The government intends to demonstrate that the defendant used two-hands to throw a gas mask at a line of police officers at approximately 4:13 p.m. on January 6, 2021, which serves as the basis for the violation of this statute. At approximately 4:13:30 p.m., the mask struck an officer with the Metropolitan Police Department—Officer C.W.—and the defendant threw the mask with the intent to commit a violation of 18 U.S.C. § 231(a)(3).

### III.     Count Three: 18 U.S.C. § 111(a)

Count three charges a violation of Section 111(a) of Title 18, which applies to a defendant who "forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of official duties . . . where such acts involve physical contact with the victim of that assault or the intent to commit another felony."

The government's evidence will show that, for the purposes of count three, the defendant's assaultive conduct began at approximately 4:10:43 p.m. and lasted for approximately 1 minute 30 seconds. At approximately 4:10:45 p.m. the defendant grabbed a shield being held by a member of the United States Capitol Police and used his right hand to strike the officer over the shield. At approximately 4:10:56 p.m. the defendant wrestled an officer with the United States Capitol Police to the ground. Soon afterwards, the defendant attempted to pull that officer into the crowd.

At approximately 4:11:15 p.m., the defendant grabbed an officer with the Metropolitan Police with his right hand. At approximately 4:11:47 p.m., the defendant struck an officer with the Metropolitan Police Department with a closed fist. At approximately 4:12:01 p.m. the defendant strikes a different officer with the Metropolitan Police Department with an open hand. At approximately 4:12:18 p.m. the defendant grabbed at an officer with the Metropolitan Police Department with both hands and makes physical contact.

### IV.     Counts Five and Seven, Disorderly or Disruptive Conduct

The speech given on the Inaugural Stage where the defendant's calls to action include, "We're going to charge in that motherfucker" and "We're all of us, come on," is not the basis for the disruptive or disorderly conduct charged in counts five and seven. Instead, the defendant intended to—and in fact did—impeded or disrupted the orderly conduct of Government business

3

or official function, a session of Congress or either House of Congress, through his violent and assaultive actions.

### V.        Count Six: 18 U.S.C. § 1752(a)(4) and (b)(1)(A)

Count six charges a violation of Section 1752(a)(4) and (b)(1)(A) of Title 18, which applies to a defendant who "knowingly engages in any act of physical violence against any person or property in any restricted building or grounds[, and] the person, during and in relation to the offense, uses or carries a deadly or dangerous weapon or firearm."

The government intends to argue that the defendant's two-handed throw of a gas mask serves as the basis for the violation of this statute. At approximately 4:13 p.m. on January 6, 2021, the defendant threw a gas mask at a line of officers. At approximately 4:13:30 p.m., the mask struck an officer with the Metropolitan Police Department—Officer C.W.—and the defendant threw the mask with the intent to commit a violation of 18 U.S.C. § 231(a)(3).

### VI.       Count Eight: 40 U.S.C. § 5104(e)(2)(F)

Count eight charges a violation of Section 5104(e)(2)(F) of Title 40, which applies to a defendant who "engage[s] in an act of physical violence in the Grounds or any of the Capitol Buildings." An "act of physical violence" is defined as "any act involving—(A) an assault or other infliction or threat of infliction of death or bodily harm on an individual; or (B) damage to, or destruction of, real or personal property."

The government intends to argue that the defendant struck a fellow rioter with a closed fist at approximately 4:11:09 p.m. using his right-hand.

                                        Respectfully submitted,

                                        MATTHEW M. GRAVES
                                        United States Attorney
                                        D.C. Bar No. 481052

Date: February 5, 2024                     /s/ *Adam M. Dreher*
                                        ADAM M. DREHER
                                        Assistant United States Attorney
                                        Mich. Bar No. P79246
                                        601 D. St. N.W.
                                        Washington, D.C. 20530
                                        (202) 252-1706
                                        adam.dreher@usdoj.gov