IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | Case No. 1:23-CR-426-JEB |
| | ) | |
| PHILLIP CRAWFORD | ) | |

**DEFENDANT PHILLIP CRAWFORD'S MOTION
TO EXCLUDE EVIDENCE RELATED TO HIS ARREST**

COMES NOW Phillip Crawford ("Mr. Crawford"), pursuant to Rules 401 – 404 of the Federal Rules of Evidence, and hereby files this Motion to exclude evidence relating to his arrest in the Northern District of Georgia on July 12, 2023.

**I.     PRELIMINARY STATEMENT**

Mr. Crawford is charged with eight counts of criminal conduct relating to the events of January 6, 2021. (Doc. 19). These charges stem from a three-to-four-minute period at the steps of the U.S. Capitol near the Lower West Terrace entrance. The government has produced video footage of the area taken from mounted surveillance cameras and body-worn cameras which depict the behavior which it claims to support its charges on that date.

On July 12, 2023, two and one-half years following the events of January 6, 2021, Mr. Crawford was arrested pursuant to a warrant. That day, at least eight heavily armed FBI agents and task force officers, as well as local law enforcement officers arrived at Mr. Crawford's home early in the morning in SUVs and marked

1

police cars. One of the FBI agents announced over a loud P.A. system, in between blares of a siren, "Phillip Crawford, this is the FBI. Come out with your hands up" and, "We have you surrounded."[1] Body camera video from the arrest shows that agents had long guns drawn and trained on the front of the home. It does not appear that the arrest plan included any attempt to contact him or to simply knock and announce to execute the warrant.[2]

According to the FBI-302, Mr. Crawford did not exit. (FBI-302, dated 7/13/23). The agents contacted his wife on the phone and informed her of the arrest warrant and that Mr. Crawford should exit the front door with his hands up. (Id.). The FBI report explains that Mr. Crawford exited the home and yelled, "F*** you" and "Shut the F*** up" before reentering the home. (Id.).

Agents contacted Mrs. Crawford again. She stated that her husband would comply. According to the FBI report, "Crawford exited shortly afterwards and was taken into custody without further incident." (Id.). However, the FBI report explains that, as he was being placed in handcuffs, Mr. Crawford yelled, "I'm the only person in the right here" and "What I did that day was right." (Id.). The FBI

---

[1] The FBI announcer also repeatedly commanded, "*All residents* of 3537 Rogers Drive come out with your hands up." Mr. Crawford was home early that morning with his wife and three young children.

[2] FBI agents visited Mr. Crawford on March 4, 2021, and spoke with him at his home about the events of January 6, 2021 without incident. (FBI-302, dated 3/22/21).

report further states that when asked if he had thoughts of hurting himself, Mr. Crawford responded, "No but I feel like hurting the three of y'all." (Id.). Mr. Crawford was then transported to the federal courthouse in Atlanta.

Most recently, the government highlighted the circumstances of Mr. Crawford's arrest to revoke his bond:

> Mr. Crawford's current release conditions were imposed following a tense 29-minute stand off with FBI agents effectuating his arrest. Agents used sirens, bullhorns, and lights to have Mr. Crawford surrender peacefully. At one point early in the stand-off, Mr. Crawford exited his house, yelled obscenities while giving agents the finger, and then returned into his home. Agents were eventually able to make contact with Mr. Crawford over the telephone. *See* Government Exhibit 105. The negotiation led to Mr. Crawford finally coming out the house. *See* Government Exhibit 106.
>
> Although Mr. Crawford came out of the house, he continued to yell at agents and resist their efforts to safely cuff and transport him. At one point Mr. Crawford explained "I'm the only one in the right here!" Mr. Crawford's view of this process has not changed since his arrest.

(Government's Memorandum in Support of Revocation, Doc. 14 at 3). The government cited the events of that morning as part of the weight of evidence against Mr. Crawford (*See* 18 U.S.C. § 3142(g)), in particular, "Mr. Crawford told agents of the righteousness of his actions during his arrest. . . ." (Id. at 7). This leads Mr. Crawford to believe that the government will offer the circumstances of his arrest, including his statements, at trial.

The Court should exclude any account of the events relating to Mr. Crawford's arrest in the Northern District of Georgia on July 12, 2023, including any statements he made. The circumstances of Mr. Crawford's arrest are irrelevant to the events of January 6, 2021, a full 2 ½ years earlier. The evidence has no probative value and presents a significant danger of undue prejudice, confusion of the issues, or misleading the jury. Moreover, such evidence is improper character evidence under Rule 404 and should be excluded.

## II. ARGUMENT

### A. The Evidence of Mr. Crawford's Arrest Is Irrelevant Under Rules 401-403.

Rule 401 sets forth the rule on logical relevance. It provides:

Evidence is relevant if:

(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and

(b) the fact is of consequence in determining the action.

Fed. R. Evid. 401(a) and (b). Rule 403 excludes probative evidence if its value is outweighed by, among other things, the danger of unfair prejudice.

Here, any account of Mr. Crawford's arrest would be irrelevant to the charges and issues in the case. The government has no need of this incident to prove any element of any charged offense 2 ½ years earlier. Nor is it tenable to argue that Mr. Crawford's arrest is inextricably intertwined with any of the crimes

charged. Mr. Crawford's emotional reaction to the overwhelming show of force and intimidation at his home in the early hours of July 12, 2023, has no bearing on the case. It is extrinsic evidence. Put another way, Mr. Crawford's reluctance to come out of the home and any expletives he shouted do <u>not</u> tend to make the existence of any facts that is of consequence to the determination of the action more probable . . . than it would without the evidence." Fed. R. Evid. 401. Nor do his statements. The government pointed out in its brief to revoke Mr. Crawford's bond, Mr. Crawford "fully admits he was present at the Capitol on January 6, 2021." (Doc. 14 at 7).[3]

Moreover, any probative value of such evidence would be substantially outweighed by the danger of unfair prejudice under Rule 403. This can be seen in the government's argument that Mr. Crawford's conduct during his arrest demonstrates "that he does not have respect for the law." (Doc. 14 at 7).[4] This is precisely the prejudicial and improper inference that should not be allowed at trial, especially when the incident is not probative of any actual issue in the case.

---

[3] Counsel cannot think of any other reason why the statements would be relevant other than to show he was present on January 6, 2021.

[4] The video evidence from the arrest is exceedingly prejudicial and paints a distorted picture, from the FBI viewpoint, of Mr. Crawford's hesitation and fear to come out of the house when confronted early in the morning with an overwhelming show of force and guns pointed at his home.

### B. The Evidence of Mr. Crawford's Arrest Is Improper Character Evidence Under Rule 404.

Federal Rule of Evidence 404(a) provides, in relevant part:

**(a) Character Evidence.**

**(1) Prohibited Uses.** Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait.

Fed. R. Evid. 404(a).

In addition, Rule 404(b) prevents the admission of other crimes wrongs, or acts, as follows:

**(b) Other Crimes, Wrongs, or Acts.**

**(1) Prohibited Uses.** Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

Fed. R. Evid. 404(b)(1). However, such evidence may be admissible, if it is "probative of a material issue other than character," and then, it must survive the Rule 403 balancing test. *United States v. Miller*, 895 F.2d 1431, 1435-36 (D.C. Cir. 1990). The government bears the burden to prove admissibility.

Here, any offering from the government about Mr. Crawford's arrest would be an attempt to show propensity. This is precisely what the rules are designed to prevent. Whether considered a character trait, i.e., lack of "respect for the law,"

6

(Doc. 14 at 7) or other wrongs or crimes, i.e., resisting arrest (Doc. 14 at 3),[5] the evidence is irrelevant, extrinsic character evidence with no value.

Mr. Crawford's arrest occurred on July 12, 2023, 2 ½ years after January 6, 2021. The evidence does not arise out of the events at the Capitol, is not necessary to complete the story, and does not relate in any inextricable way to the charged offense. *See United States v. McLean*, 138 F.3d 1398, 1403 (11th Cir. 1998) (setting forth test for extrinsic evidence). Nor is the evidence probative of any fact relating to January 6, 2021. Rather, it could only be offered to impermissibly show character – the propensity to "resist" or threaten officers. Because there is no probative value, the inquiry should end there. It should be excluded.

Nevertheless, the second prong of the Rule 404(b) analysis would exclude evidence relating to Mr. Crawford's arrest. Under the Rule 403 balancing test, there would be a substantial danger that a jury would be inclined to convict based solely on the general sense that Mr. Crawford is defiant, hostile, and obstructive and <u>not</u> based upon the events of January 6. The evidence would unfairly inflame a jury and prejudice Mr. Crawford. It would confuse the issues.

---

[5] It is worth noting that Mr. Crawford was not charged with resisting arrest. Moreover, the FBI 302 report does not indicate that he resisted arrest but rather, once he exited the home, he was handcuffed and taken into custody "without incident." (FBI-302, dated 7/13/23).

Circuit courts have excluded government offerings of prejudicial acts far more connected to the actual charged crimes. For example, in *United States v. Shelley*, 405 F.3d 1195, 1202 (11th Cir. 2005), the Court upheld the exclusion of marijuana found with a gun under the seat of a car the defendant was driving at the time of his arrest. The marijuana was not relevant to the eventual firearm charge and would be highly prejudicial. *Id.* at 1199. In *United States v. Carey*, 67 Fed. Appx. 603 (9th Cir. 2003) (unpublished), the Court upheld the exclusion of burglary tools under Rules 403 and 404(b) seized from a defendant's car at the time of his arrest on a firearm charge. *See United States v. Wiman*, 77 F.3d 981 (7th Cir. 1996) (same; excluding burglary tools under Rule 403 despite "some evidentiary link" to gun); *see also United States v. Usry*, 70 F.3d 1269 (5th Cir. 1995) (unpublished) (excluding agent testimony about defendant's post-arrest possession and ingestion of methamphetamine).

More to the point, when acts of resistance *are* admitted,[6] it is where the evidence is intrinsic; that is, necessary to contextualize the actual charged conduct, i.e., to tell the full story. *See United States v. Wright*, 392 F.3d 1269 (11th Cir. 2004) (admitting evidence of resisting arrest prior to locating an unlawfully possessed firearm in the defendant's car). Where, however, the two events are separated in

---

[6] Again, there has been no proof that there was actual resistance despite the government's argument characterizing it as such in its Memorandum in Support of Revocation. (See Doc. 14 at 3).

time and disconnected, general claims of misconduct are pure character evidence. *See United States v. Ross*, 2007 WL 2571620 at ** 17-18 (E.D. Pa., August 31, 2007) (officer misconduct during one encounter cannot be used to show that they acted similarly during an encounter months earlier because that is "the exact type of propensity evidence that Rule 404(b) prohibits."). That is what we have here.

On July 12, 2023, an arrest team led by the FBI travelled to Mr. Crawford's home in the early morning hours. Notwithstanding the fact that the FBI had visited him on March 4, 2021 (see footnote 2, supra.), without issue, the arrest team laid siege to his home with multiple vehicles. In between the shrieks of a siren, over a blaring loudspeaker, the lead agent commanded Mr. Crawford and all residents (which included his three school-aged children) to come out with their hands up. Agents fixed aim on the front of the home with military-style rifles.

This manufactured confrontation 2 ½ years after the events supporting the warrant understandably caused an emotional reaction. Mr. Crawford's conduct and statements are irrelevant to the charges under Rule 401. Moreover, any evidence related to his arrest would be impermissible character evidence excludable under Rules 403 and 404.

### III. CONCLUSION

Mr. Crawford respectfully requests that the Court exclude all evidence related to his arrest on July 12, 2023.

Dated:  This 4th day of March 2024.

>  */s/ Thomas L. Hawker*
>  THOMAS L. HAWKER
>  Georgia Bar No. 338670
>  Attorney for Phillip Crawford

Federal Defender Program, Inc.
Sute 1500, Centennial Tower
101 Marietta Street, NW
Atlanta, Georgia 30303
(404)688-7530
Thomas_Hawker@fd.org