UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | CASE NO. 23-cr-426 JEB |
| v. | : | |
| | : | |
| **PHILLIP CRAWFORD,** | : | |
| | : | |
| Defendant. | : | |

### GOVERNMENT'S REPLY TO DEFENDANT'S OPPOSITION TO VIDEO MONTAGE EVIDENCE OF CONGRESSIONAL SESSION

On March 4, 2024, the United States of America moved for an order *in limine* to admit a video montage of the Congressional Session on January 6, 2021, ECF No. 31, which was opposed by Mr. Crawford. ECF No. 41. On March 22, 2024, Mr. Crawford notified the government of his intent to stipulate to certain facts, including many facts that would have been established through the Congressional Session video montage.

Balancing evidence under Fed. R. Evid. 403 is within the sound discretion of the trial court. *See United States v. Tarantino*, 846 F.2d 1384, 1410 (D.C. Cir. 1988). "To determine whether to exclude evidence under the rule, courts must 'engage in on-the-spot balancing of probative value and prejudice and . . . exclude even factually relevant evidence when it fails to balancing test.'" *United States v. Ausby*, 436 F.Supp.3d 134, 153 (D.D.C. 2019) (Hon. Beryl A. Howell) (quoting *United States v. Moore*, 651 F.3d 30, 63 (D.C. Cir 2011)).

When weighing evidence, exclusion is warranted only if the probative value is substantially outweighed by, "unfair prejudice, . . . [or] wasting time . . .." Fed. R. Evid. 403. But only if the probative value is substantially outweighed does exclusion even then become discretionary. The Supreme Court has instructed, "[T]he notes leave no question that when Rule 403 confers discretion by providing that evidence 'may' be excluded, the discretionary judgment may be

informed not only by assessing an evidentiary item's twin tendencies, by placing the result of that assessment alongside similar assessments of evidentiary alternatives." *Old Chief v. United States*, 519 U.S. 172, 184-85 (1997). In other words, even if the probative value is substantially outweighed, the Court need not exercise its discretion.

Here, it is unlikely that such a balance at trial would warrant this Court to exercise its discretion to exclude a nine-and-one-half minute montage related directly to elements of the charged offenses. Although *Old Chief* is distinguishable in that the government there did not stipulate to a factual predicate, the Court still noted, "A convincing tale can be told with economy, but when economy becomes a break in the natural sequence of narrative evidence, an assurance that the missing link is really there is never more than second best." 519 U.S. at 189.

The government should be allowed to present its case as it determines is best. A stipulation to the facts presented within a less-than-ten-minute video should not serve as a basis for this Court to exercise its discretion in excluding the montage under Fed. R. Evid. 403.

        Respectfully Submitted,

        MATTHEW M. GRAVES
        United States Attorney
        D.C. Bar No. 481052

By:   /s/ *Adam M. Dreher*
        ADAM M. DREHER
        Assistant United States Attorney
        Michigan Bar No. P79246
        601 D. St. N.W.
        Washington, D.C. 20530
        (202) 252-1706
        adam.dreher@usdoj.gov

        MINDY DERANEK
        Assistant United States Attorney
        Washington Bar No. 43085
        (202) 252-7776
        mindy.deranek@usdoj.gov