UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | :   CASE NO. 23-cr-426 JEB |
| v. | : |
| | : |
| PHILLIP CRAWFORD, | : |
| | : |
| Defendant. | : |

**JOINT NOTICE OF ELEMENTS OF THE CHARGED OFFENSES**

The United States of America, by and through the United States Attorney for the District of Columbia, and Phillip Crawford, through his attorney, have conferred. On May 29, 2024, this Court ordered the parties to submit elements of the offense by June 10, 2024. *See* Minute Entry dated May 29, 2024. The parties submit the following:

**A. ASSAULTING, RESISTING, OR IMPEDING AN OFFICER USING A DEADLY OR DANGEROUS WEAPON**

18 U.S.C. § 111(a)(1) and (b)

Count 6 of the Indictment charges the defendant with assaulting, resisting, or impeding, using a deadly or dangerous weapon, an officer or an employee of the United States who was then engaged in the performance of his official duties or any person assisting officers of the United States who were engaged in the performance of their official duties, which is a violation of federal law.

Elements

To find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with an officer from the United States Capitol Police or Metropolitan Police Department.

Second, the defendant did such acts forcibly.

Third, the defendant did such acts voluntarily and intentionally.

Fourth, the person assaulted, resisted, opposed, impeded, intimidated, or interfered with was an officer or an employee of the United States who was then engaged in the performance of his or her official duties or was assisting officers of the United States who were then engaged in the performance of their official duties.

Fifth, in doing such acts, the defendant intentionally used a deadly or dangerous weapon.

Definitions

**Forcibly.** A person acts "forcibly" if he used force, attempted to use force, or threatened to use force against the officer. Physical force or contact is sufficient but actual physical contact is not required; you may also find that a person who has the present ability to inflict bodily harm upon another and who threatens or attempts to inflict bodily harm upon that person acts forcibly. In such case, the threat must be a present one.

**Assault.** The term "assault" means any intentional attempt or threat to inflict injury upon someone else, when coupled with an apparent present ability to do so. To find that the defendant committed an "assault," you must find beyond a reasonable doubt that the defendant intended to inflict or to threaten injury.

**Deadly or dangerous weapon.** An object may be a "deadly or dangerous weapon" in one of two ways. First, an object is a deadly or dangerous weapon if it is inherently or obviously dangerous or deadly. Such inherently dangerous weapons include guns, knives, and the like.

*Here, regarding the second way an object may be a "deadly or dangerous weapon," the Government and Defense disagree about the appropriate language of the element instruction. The Government proposes the following language:*

*"Second, if the object is not inherently or obviously dangerous or deadly, an object is a deadly or dangerous weapon if the object is capable of causing serious bodily injury or death to another person and the defendant used it in a manner capable of causing serious bodily injury or death."*

*The Defense proposes the following language:*

*"Second, if the object is not inherently or obviously dangerous or deadly, an object is a deadly or dangerous weapon if the object is capable of causing serious bodily injury or death to another person and the defendant <u>intentionally</u> used it in a manner capable of causing serious bodily injury or death."*

The term "serious bodily injury" means bodily injury that involves a substantial risk of death; extreme physical pain; medical intervention such as surgery, hospitalization, or physical rehabilitation; protracted and obvious disfigurement; or protracted loss or impairment of the function of a bodily member, organ, or mental faculty. In determining whether the object is a "deadly or dangerous weapon," you may consider both the physical capabilities of the object used and the manner in which the defendant used it.

**Knowledge of official duties.** It is not necessary to show that the defendant knew the person being forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with was, at that time, carrying out an official duty or assisting federal officers in carrying out an official duty so long as it is established beyond a reasonable doubt that the officer was, in fact, carrying out an official duty or assisting a federal officer acting in the course of his duty and that the defendant intentionally forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with that officer.

**Lesser offense.** You should consider first whether the defendant is guilty of assaulting, resisting, or impeding an officer while using a deadly or dangerous weapon. 18 U.S.C. § 111(a)(1) & (b). If you find Mr. Crawford guilty of that offense, you may proceed to the next charge. If you find Mr. Crawford not guilty, you may go on to consider whether he is guilty of assaulting, resisting, or impeding an officer with physical contact or the intent to commit another felony, but without using a deadly or dangerous weapon. 18 U.S.C. § 111(a)(1). That lesser offense carries the same elements, except that it does not require use of a deadly or dangerous weapon. Rather, as the fifth element, that offense requires that the defendant made physical contact with the officer, or that he acted with the intent to commit another felony. The government is not required to prove both of those conditions. However, the government must prove at least one of those two conditions beyond a reasonable doubt.[1]

### B. ENTERING OR REMAINING IN A RESTRICTED BUILDING OR GROUNDS WITH A DEADLY OR DANGEROUS WEAPON

18 U.S.C. § 1752(a)(1) and (b)(1)(A)

Count 7 of the Indictment charges the defendant with entering or remaining in a restricted building or grounds with a deadly or dangerous weapon, which is a violation of federal law.

<u>Elements</u>

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

> First, the defendant entered or remained in a restricted building or grounds without lawful authority to do so.

---

[1] **AUTHORITY:** *United States v. Isreal Easterday*, 1:22-CR-404-JEB, Final Jury Instructions (Dkt. No. 67) at 10-14 (including definitions of "deadly or dangerous weapon" and "serious bodily injury"); *United States v. Barry Ramey*, 1:22-CR-00184-DLF, Court's Proposed Jury Instructions (Dkt. No. 28) at 7 (definition of "deadly or dangerous weapon").

Second, the defendant did so knowingly.

Third, the defendant knowingly used or carried a deadly or dangerous weapon during and in relation to the offense.

Definitions

**Restricted building or grounds.** The term "restricted building or grounds" means any posted, cordoned off, or otherwise restricted area of a building or grounds where a person protected by the Secret Service is or will be temporarily visiting. The term "person protected by the Secret Service" includes the Vice President and the immediate family of the Vice President.

**Knowingly.** A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did, said, or perceived.

*Here, regarding the definitions of, and relationship between, the terms "restricted building or grounds" and "knowingly," the Defense proposes the following additional language, with which the Government does not agree:*

*"For this offense, the government must prove that the defendant knew that he had entered or remained in what he knew to be a restricted building or grounds, and that he knew that he did not have lawful authority to enter that area. It is insufficient for the government to prove that the defendant merely knew that the area he entered or remained in was restricted in the colloquial sense. The government must instead prove that (A) the defendant knew that the area was posted, cordoned off, or otherwise restricted and (B) the defendant knew that the Vice President or the Vice President's immediate family was or would be temporarily visiting the area. A person who enters or remains in a restricted area with a good faith belief that he is entering or remaining with lawful authority is not guilty of this crime."*

5

**Deadly or dangerous weapon.** The term "deadly or dangerous weapon" has a similar meaning to the meaning in Count 6. An object may be considered a "deadly or dangerous weapon" for one of two reasons. First, an object is a deadly or dangerous weapon if it is inherently or obviously dangerous or deadly. Second, an object is a deadly or dangerous weapon if the object is capable of causing serious bodily injury or death to another person and the defendant carried it with the intent that it be used in a manner capable of causing serious bodily injury or death. However, for purposes of this offense, unlike the offense in Count 6, the defendant need not have actually used the object in that manner. The term "serious bodily injury" has the same meaning described in the instructions for Count 6.

**Lesser included offense.** As with Count 6, you should first consider whether Mr. Crawford is guilty of the greater offense of knowingly entering or remaining in a restricted building or grounds with a deadly or dangerous weapon. 18 U.S.C. § 1752(a)(1) and (b)(1)(A). If you find him not guilty of that offense, you may next consider whether he is guilty of knowingly entering or remaining in a restricted building or grounds without a deadly or dangerous weapon. 18 U.S.C. § 1752(a)(1). The elements of that lesser offense are the same as the aggravated offense, except they do not include the third element, namely the use or carrying of a deadly or dangerous weapon during or in relation to the offense.[2]

---

[2] **AUTHORITY:** *Untied States v. Easterday,* 1:22-CR-404-JEB, Final Jury Instructions (Dkt. No. 67) at 13-14; *United States v. David Elizalde*, 1:23-CR-170-CJN, Final Bench Instructions (Dkt. No. 40) at 1-2 (defining "knowingly" and its relationship to "restricted building or grounds"); *United States v. Sturgeon*, 1:21-CR-91-RCL, Note to Counsel re: instructions (Dkt. No. 163) at 1 ("Specifically, to prove that defendants 'knowingly' committed the relevant acts in a 'restricted building or grounds' for purposes of Counts Four, Five, and Six, the government must prove not only that defendants knew they were in a 'posted, cordoned off, or otherwise restricted area,' but also that they knew that it was such an area 'of a building or grounds where the President or other person protected by the Secret Service is or will be temporarily visiting.'").

### C. DISORDERLY OR DISRUPTIVE CONDUCT IN A RESTRICTED BUILDING OR GROUNDS WITH A DEADLY OR DANGEROUS WEAPON

18 U.S.C. § 1752(a)(2) and (b)(1)(A)

Count 8 of the Indictment charges the defendant with disorderly or disruptive conduct in a restricted building or grounds with a deadly or dangerous weapon, which is a violation of federal law.

Elements

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant engaged in disorderly or disruptive conduct in, or in proximity to, any restricted building or grounds.

Second, the defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions.

Third, the defendant's conduct occurred when, or so that, his conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.

Fourth, the defendant knowingly used or carried a deadly or dangerous weapon during and in relation to the offense.

Definitions

**Disorderly conduct.** "Disorderly conduct" is conduct that tends to disturb the public peace or undermine public safety. Disorderly conduct includes when a person acts in such a manner as to cause another person to be in reasonable fear that a person or property in a person's immediate possession is likely to be harmed or taken, uses words likely to produce violence on the part of others, or is unreasonably loud and disruptive under the circumstances.

7

**Disruptive conduct.** "Disruptive conduct" is conduct that, when viewed in the circumstances in which it takes place, tends to interfere with or inhibit usual proceedings. This includes conduct that causes disorder or turmoil, or that stops or prevents the normal continuance of an activity. Whether particular conduct is "disruptive" depends on the context and surrounding circumstances, and includes conduct that is plainly out of place for the time or setting where it occurs.

**Restricted building or grounds, and knowingly.** The terms "restricted building or grounds" and "knowingly" have the same meanings and relationship as described in the instructions for Count 7.

**Deadly or dangerous weapon.** The term "deadly or dangerous weapon" has the same definition as described in the instructions for Count 7.

**Lesser included offense.** As with Counts 6 and 7, you should first consider whether Mr. Crawford is guilty of the greater offense of disorderly or disruptive conduct in a restricted building or grounds with a deadly or dangerous weapon. 18 U.S.C. § 1752(a)(2) and (b)(1)(A). If you find him not guilty of that offense, you may next consider whether he is guilty of disorderly or disruptive conduct in a restricted building or ground without a deadly or dangerous weapon. 18 U.S.C. § 1752(a)(2). The elements of that lesser offense are the same as the aggravated offense, except they do not include the fourth element, namely the use or carrying of a deadly or dangerous weapon during or in relation to the offense.[3]

---

[3] **AUTHORITY**: *United States v. Easterday,* 1:22-CR-00404-JEB, Final Jury Instructions (Dkt. No. 67) at 14-15 (modified per *Elizalde)*; *United States v. Elizalde*, 1:23-CR-00170-CJN, Final Bench Instructions (Dkt. 40) at 2-3 (defining "knowingly" in relation to "restricted building or grounds"); *United States v. Sturgeon*, 1:21-CR-91-RCL, Note to Counsel re: instructions (Dkt. No. 163) at 1 ("Specifically, to prove that defendants 'knowingly' committed the relevant acts in a 'restricted building or grounds' for purposes of Counts Four, Five, and Six, the government must prove not only that defendants knew they were in a 'posted, cordoned off, or otherwise restricted

### D. ENGAGING IN PHYSICAL VIOLENCE IN A RESTRICTED BUILDING OR GROUNDS WITH A DEADLY OR DANGEROUS WEAPON.

18 U.S.C. § 1752(a)(4) and (b)(1)(A)

Count 9 of the Indictment charges the defendant with engaging in physical violence in a restricted building or grounds with a deadly or dangerous weapon, which is a violation of federal law.

Elements

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant engaged in an act of physical violence against a person in, or in proximity to, a restricted building or grounds.

Second, the defendant did so knowingly.

Third, the defendant knowingly used or carried a deadly or dangerous weapon during and in relation to the offense.

Definitions

**Act of physical violence.** The term "act of physical violence" means any act involving an assault or other infliction of bodily harm on an individual; or damage to, or destruction of, real or personal property.

**Restricted building or grounds, and knowingly.** The terms "restricted building or grounds" and "knowingly" have the same meanings and relationship as described in the instructions for Count 7.

---

area,' but also that they knew that it was such an area 'of a building or grounds where the President or other person protected by the Secret Service is or will be temporarily visiting'").

**Deadly or dangerous weapon.** The term "deadly or dangerous weapon" has the same definition as described in the instructions for Count 7.

**During and in relation to the offense.** For this offense in particular, "during and in relation to the offense" means during and in relation to the acts alleged in Count 6 of the Indictment.

**Lesser included offense.** As with the other counts alleging a "deadly or dangerous weapon" (Counts 6-8), you should first consider whether Mr. Crawford is guilty of the greater offense of engaging in physical violence in a restricted building or grounds with a deadly or dangerous weapon. 18 U.S.C. § 1752(a)(4) and (b)(1)(A). If you find him not guilty of that offense, you should next consider whether he is guilty of engaging in physical violence in a restricted building or grounds without a deadly or dangerous weapon. 18 U.S.C. § 1752(a)(4). The elements of that lesser offense are the same as the aggravated offense, except they do not include the third element, namely the use or carrying of a deadly or dangerous weapon during or in relation to the offense.[4]

### E.  DISORDERLY CONDUCT IN A CAPITOL BUILDING OR GROUNDS
### 40 U.S.C. § 5104(e)(2)(D)

Count 10 of the Indictment charges the defendant with disorderly and disruptive conduct in a Capitol Building or Grounds, which is a violation of federal law.

---

[4] **AUTHORITY**: *United States v. Easterday,* 1:22-CR-404-JEB, Final Jury Instructions (Dkt. No. 67) at 15-16; *United States v. Elizalde*, 1:23-CR-00170-CJN, Final Bench Instructions (Dkt. 40) at 2-3 (defining "knowingly" in relation to "restricted building or grounds"); *United States v. Sturgeon*, 1:21-CR-91-RCL, Note to Counsel re: instructions (Dkt. No. 163) at 1 (defining "knowingly" in relation to "restricted building or grounds").

Elements

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant engaged in disorderly or disruptive conduct in any of the United States Capitol Buildings or Grounds.

Second, the defendant did so with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress.

Third, the defendant acted willfully and knowingly.

Definitions

**Disorderly or disruptive conduct.** The term "disorderly or disruptive conduct" has the same meaning described in the instructions to Count 8.

**United States Capital Grounds.** The term "United States Capitol Grounds" includes the United States Capitol Building located at First Street, Southeast, in Washington, D.C. The West Front of the U.S. Capitol Building is part of the "United States Capitol Grounds."

**Session of Congress.** For purposes of this offense, "the orderly conduct of a session of Congress or either House of Congress" includes the actions of Congress' Joint Session to certify the Electoral College vote.

**Willfully and knowingly.** A person acts "willfully" if he or she acts with the intent to do something that the law forbids, that is, to disobey or disregard the law. The term "knowingly" has the same meaning described in the instructions to Count 7. In deciding whether the defendant acted willfully and knowingly, the factfinder may consider all of the evidence, including what the defendant did, said, and perceived. The government must prove that the defendant knew that his conduct was disorderly or disruptive. The government must also show that the defendant knew

that his conduct was unlawful; however, the government is not required to prove that the defendant was aware of the specific law that his conduct violated.[5]

Respectfully Submitted,

| /s/ | /s/ |
|---|---|
| Thomas L. Hawker | Adam M. Dreher |
| Assistant Federal Defender | Assistant United States Attorney |
| Georgia Bar No. 338670 | Michigan Bar No. P79246 |
| 101 Marietta Street, N.W., Suite 1500 | 601 D St. NW |
| Atlanta, Georgia 30303 | Washington D.C. 20530 |
| (404) 688-7530 | (202) 252-1706 |
| | |
| Ross Brockway | Mindy Deranek |
| Assistant Federal Defender | Assistant United States Attorney |
| Georgia Bar No. 490836 | Washington Bar No. 43085 |
| 101 Marietta Street | 601 D St. NW |
| Atlanta, Georgia 30303 | Washington D.C. 20530 |
| (404) 688-7530 | (202) 252-7776 |

---

[5] *United States v. Easterday,* 1:22-CR-404-JEB, Final Jury Instructions (Dkt. No. 67) at 16-17 (defining "disorderly or disruptive conduct," "willfully," and "knowingly"); *United States v. Sara Carpenter*, 1:21-CR-305-JEB, Final Jury Instructions (Dkt. No. 97) at 13-14 (same).